UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------X

| | | |
|---|---|---|
| CARLOS HERNANDEZ,<br>*Plaintiff*,<br><br>-against-<br><br>YOURS WHOLESOME FOODS, INC., NARAYANBHAI PATEL, RAMANLAL PATEL, and RONAK PATEL,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>: | **COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>Civil Action No. ___________ |

--------------------------------X

Plaintiff CARLOS HERNANDEZ ("Plaintiff"), by his undersigned counsel, Brian 'Geno' Nettle, Esq., as and for his Complaint against Defendants YOURS WHOLESOME FOODS, INC., ("Yours Wholesome," "the Company"), NARAYANBHAI PATEL, RAMANLAL PATEL, and RONAK PATEL, (collectively "Defendants"), alleges upon personal knowledge as to some, and information and belief as to the rest, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under federal and state labor laws to recover his unpaid wages and to obtain his lawful minimum wages, including overtime wages. Plaintiff further seeks liquidated and other damages, interest, attorneys' fees, and the costs of this action.

2. Defendants own and operate a deli located at 159 Essex Street in Manhattan.

3. Defendant and company President Narayanbhai Patel ("Narayanbhai") owns and operates several businesses in New York City and in other states in addition to the deli located at 159 Essex Street in Manhattan.

4. Plaintiff became Defendants' employee when Defendants took over operations from the prior owner in or around November 2015.

5. Plaintiff continues to be Defendants' employee through today.

6. At all times relevant to this Complaint, Plaintiff has worked an average of over 70 hours per week, 6-7 days per week, except for the weeks he worked less than 70 hours.

7. Defendants have been in violation of several laws throughout the course of Plaintiff's employment including wage laws, requirements to provide wage statements and notices, paid sick time and breaks.

8. Beginning in 2017, Plaintiff's unpaid overtime wages accrued because Defendants paid the same rate of $11 for all hours worked instead of the premium rate of one-and-a-half for hours worked over forty (40).

9. Plaintiff's unpaid spread-of-hours pay also accrued in 2017.

10. In 2018, and every year thereafter, Plaintiff's unpaid minimum, overtime, and spread-of-hours pay accrued because Defendants failed to increase Plaintiff's pay to meet the statutory minimums.

11. Even when Plaintiff's pay increased by $1 to $12 in 2018, Defendants were statutorily required to pay Plaintiff $15 per hour yet refused to do so.

12. Defendants always paid Plaintiff in cash, never provided wage notice or statements, never provided a break, and never paid for sick leave.

13. While the Defendant Company was closed for 3 months in 2020 due to the COVID-19 pandemic, Plaintiff received no relief because Defendant's did not pay him during the closure.

14. After reopening, Defendants willfully lowered Plaintiff's pay to $10 per hour, and through the manager on duty Defendant Ronak ("Ronak Patel," "Ronak") began to treat Plaintiff with escalating hostility.

15. On or about late June 2021, after months of hostility between Defendant Ronak and Plaintiff, Plaintiff verbally asserted his rights to Defendant Ronak regarding his underpayment of wages, lack of paid time off for sick leave, and having no breaks.

16. In response, under threat of termination, Defendant Ronak demanded that Plaintiff provide his Social Security card, a request that had never been made prior.

17. After Plaintiff sought counsel from the undersigned, Defendants were notified of pending litigation through a demand letter.

18. Shortly after receiving the demand letter, Defendants increased Plaintiff's pay to $14, and failed to compensate Plaintiff at the premium rate for time worked over forty (40) hours per week or spread-of-hours pay for days that Plaintiff worked over ten (10) hours.

## JURISDICTION AND VENUE

19. The Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*., 29 U.S.C. § 216 and 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 because those claims arise out of the same common nucleus of operative facts and are parts of the same case or controversy as Plaintiff's federal claims.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff

22. Plaintiff is an adult individual who currently resides in Queens, New York.

23. Plaintiff is an immigrant from Mexico and primarily speaks Spanish.

24. Plaintiff was hired and employed by the Defendant Company as front counter worker and cook, the same role he had working for the prior owners of the deli where he works.

25. At all times relevant to this action, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and the NYLL.

26. The FLSA applies to employees who are subject to either individual coverage or enterprise coverage. 29 U.S.C. §§ 206(a), 207(a).

27. In each year that Plaintiff worked for Defendants, Defendants had a gross annual volume of revenue of not less than $500,000.

28. Upon information and belief, Plaintiff observed that Defendants had a volume of sales of over $2,000 per day from deli sales, online orders, beer, and other goods.

29. At all times relevant to this Complaint, the Defendants had two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who was employed as a cook and deli counter worker, and handled food and kitchen supplies that have moved in interstate commerce.

### Defendants

30. Defendant Company Yours Wholesome Foods, Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 159 Essex Street, Manhattan, NY 10002.

31. Defendant Narayanbhai N. Patel ("Narayanbhai") is the President of Defendant Company. Narayanbhai is approximately 57 years old and owns several located in Queens and

Brooklyn. Narayanbhai had the power to hire and fire personnel, including Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation provided to employees, including Plaintiff's, and maintain employment records.

32. Defendant Ramanlal N. Patel ("Ramanlal") was, is the Vice President of Defendant Company. Ramanlal had the power to hire and fire personnel, including Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation provided to employees, including Plaintiff's, and maintain employment records.

33. Defendant Ronak Patel ("Ronak") is a manger of operations at Defendant Company. Ronak had the power to hire and fire personnel, including Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation provided to employees, including Plaintiff's, and maintain employment records.

34. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6); 190(3); 651(6).

## STATEMENT OF FACTS

35. Prior to the summer of 2015, Plaintiff was the employee of ES Wholesome Foods, located at 159 Essex Street in Manhattan.

36. On or around July 29, 2015, Defendant Company was incorporated in New York State.

37. In or around November 2015, Defendant Company obtained a license to sell grocery, beer, and wine products and took over operations at 159 Essex Street.

38. The former corporate owner moved its operations to another location.

39. Plaintiff continued his employment at the 159 Essex Street under Defendant Company's new ownership.

40. Plaintiff primarily works behind the deli counter, preparing food for the refrigerated display of foods, cooking, and taking and fulfilling orders from customers shopping at the store and from orders sent through various online ordering services.

41. Plaintiff also processes cash and credit card transactions when there is no cashier on duty.

42. In 2015, after Defendant Company became Plaintiff's employer, Plaintiff's hours increased.

43. In 2015, Plaintiff worked 72 hours per week, working from 9 p.m. through 7 a.m. on Monday through Saturday, and from 9 p.m. through 9 a.m. on Sunday.

44. Plaintiff was paid $11 per hour for all hours worked.

45. At all times relevant to this Complaint, Defendants never paid Plaintiff overtime wages, always paid in cash, never gave Plaintiff a wage notice, nor wage statements, never provided a paid break, nor paid sick leave.

46. Plaintiff worked diligently and to Defendants' satisfaction.

47. From 2015 through around September 2016, "Ravi" was responsible for Plaintiff's schedule, pay, and performance.

48. During the time that Plaintiff worked under "Ravi's" supervision, he would take one (1) day off per month, unpaid.

49. Under "Ravi's" supervision Plaintiff continued to work 72 hours per week, from 9 p.m. through 7 a.m. on Monday through Saturday, and from 9 p.m. though 9 a.m. on Sunday, and Plaintiff was paid $11 for all hours worked.

50. On or around September 2016, a new manager took over supervision of Plaintiff, who went by the name "Mites."

51. "Mites" was Plaintiff's supervisor for about a year.

52. Plaintiff's pay and duties remained the same under "Mites's" supervision.

53. Plaintiff's schedule remained the same, except for the days that Plaintiff would stay an additional 1-3 hours to work at the end of the day, at "Mites's" request.

54. While Plaintiff worked under "Mite's" supervision, Plaintiff worked an average of 77 hours per week and was paid $11 for all hours worked.

55. In 2017, due to the number of hours worked, Plaintiff's unpaid overtime accrued.

56. From the beginning of 2017 through September 2017, due to working over ten (10) hours, once per week, Plaintiff's unpaid spread-of-hours pay accrued.

57. On or around September 2017, Defendant "Ronak" took over supervision of Plaintiff's pay, schedule, and duties.

58. Defendants decreased Plaintiff's hours to an average of 70 hours per week.

59. Plaintiff's scheduled varied, but Plaintiff worked ten (10) hours per day, seven (7) days a week.

60. Plaintiff was still paid $11 per hour for all hours that he worked.

61. In 2018, Defendants continued to pay Plaintiff $11 an hour for all hours worked, despite a minimum wage increase for 2018 to $12 per hour.

62. In 2018, Plaintiff's wages fell below the minimum for straight time and well below the rate for premium time.

63. On or around September 2019, Plaintiff complained to Defendant Ronak that he was being paid less than minimum.

64. In response to Plaintiff's complaint, Defendants increased Plaintiff's pay to $12 for all hours worked, below the statutory minimum of $13.50 and well below the premium rate for the overtime hours that Plaintiff worked.

65. The cumulative gap in wages between what Defendants paid Plaintiff and what Plaintiff was entitled to legally increased significantly.

66. When the minimum wage increased to $15 per hour for 2020, the difference increased even more, since Defendants maintained paying Plaintiff $12 for all hours worked.

67. Defendants closed the deli from late March 2020 through the end of June 2020 due to the COVID-19 pandemic.

68. After Defendant Company's COVID-19 closure from late March 2020 through the end of June 2020, Plaintiff returned to work, but Defendants decreased Plaintiff's hourly rate to $10 per hour for all hours worked.

69. During the period from late June 2020 through November 2020, Plaintiff worked, on average, 35 hours per week, from 6 p.m. through 11 p.m., seven (7) days per week.

70. Only until November 2020 did Plaintiff's pay increase, but to $11, again, still short of the $15 statutory minimum.

71. Between November 2020 and February 2021, Plaintiff continue to work an average of 35 hours per week, from 6 p.m. to 11 p.m., seven (7) days per week.

72. Defendants resumed full hours in February 2021, requiring Plaintiff to work 77 hours per week, from 6 p.m. to 5 a.m., paying Plaintiff $11 an hour for all hours worked.

73. In late June 2021, after tolerating months of escalating hostility from Defendant "Ronak," Plaintiff asserted that he had specific legal rights regarding his wages.

74. Defendant “Ronak” aggressively responded by demanding Plaintiff produce his Social Security card, the first time that anyone from the Defendants had asked for documentation.

75. Plaintiff was deeply distressed by Defendant “Ronak’s” demand which was accompanied by implied threats of termination.

76. Plaintiff has suffered emotional distress due to Defendant Ronak’s retaliatory conduct, often feeling angry and depressed about the treatment from his job with Defendants.

77. In early January 2022, after Defendants received notice of pending litigation and meeting with the undersigned counsel, Defendants sought to eliminate Plaintiff’s hours.

78. After emphasizing that Defendants should seek counsel, Defendants did so.

79. After receiving counsel, on or around February 1, 2022, Defendants provided Plaintiff one day off per week, and increased Plaintiff’s pay to $14 for all hours worked, still short of the statutory minimum of $15 per hour and well below the premium rate for overtime hours worked.

80. Plaintiff’s evening schedule varies per week, but the total amount of ten (10) to (11) hours worked per day remains the same, a cumulative average of 66 hours per week.

**FIRST CAUSE OF ACTION**
(Fair Labor Standards Act – Unpaid Minimum Wages)

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

82. Defendants were required under 29 U.S.C. §206(f) to pay Plaintiff at the applicable federal minimum wage rate of $7.25 per hour for all hours worked.

83. Defendants willfully and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of 29 U.S.C. §§ 201 *et seq*.

84. Defendants were aware or should have been aware that the failure to pay the minimum wage as described in this Complaint was unlawful.

85. Defendants did not make a good faith effort to comply with the FLSA with respect to his compensation of Plaintiff.

86. Defendants also violated the FLSA by failing to properly keep records as required by statute, 29 U.S.C. § 211(c).

87. As Defendants' violations of the FLSA was willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

88. For their willful underpayment of wages, Defendants are liable to Plaintiff, jointly and severally, for unpaid minimum wage compensation in an amount to be determined at trial, and Plaintiff is entitled to recovery of such amounts, together with liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
(Fair Labor Standards Act – Unpaid Overtime)

89. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

90. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regular hourly rate for every hour Plaintiff worked above forty (40) hours in a work week.

91. Defendants' failure to pay Plaintiff his overtime premium violates the Fair Labor Standards Act, 29 U.S.C. § 207 and its implementing regulations.

92. Defendants also violated the FLSA by failing to properly keep records as required by statute, 29 U.S.C. § 211(c).

93. As a consequence of Defendants' unlawful actions and omissions, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, plus an additional equal amount in liquidated damages, in accordance with 29 U.S.C. § 216(b).

94. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest, pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
(Fair Labor Standards Act – Retaliation)

95. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

96. Defendants willfully retaliated against Plaintiff by terminating his employment in response of his complaint about not being paid properly, in violation of FLSA § 215(a)(3).

97. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest, pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
(New York Labor Law – Unpaid Minimum Wages)

98. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

99. At all relevant times, Plaintiff was covered by the NYLL and supporting New York State Department of Labor Regulations.

100. Defendants were required to pay Plaintiff at the applicable New York State minimum wage rate for all hours worked.

101. Under N.Y. Lab. Law § 652 and corresponding New York State Department of Labor Regulations, including, but not limited, to 12 N.Y.C.R.R.§ 142-2.1., Defendants were required to pay Plaintiff at an hourly rate of at least: (1) $12.00 for all hours worked from

December 31, 2017 through December 30, 2018, (2) $13.50 for all hours worked from December 31, 2018, through December 30, 2019, and (3) $15.00 for all hours worked from December 31, 2018 through today.

102. Defendants willfully failed to pay Plaintiff his minimum hourly wages in violation of the N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and corresponding New York State Department of Labor Regulations.

103. For Defendants' willful underpayment of wages, Defendants are liable to Plaintiff, jointly and severally, for unpaid minimum wage compensation in an amount to be determined at trial. Plaintiff is entitled to recovery of such amount, together with liquidated damages, pre-and post-judgment interest, reasonable attorney's fees, and the costs of this action, pursuant to the N.Y. Lab. Law § 663.

## **FIFTH CAUSE OF ACTION**
(New York Labor Law – Unpaid Overtime)

104. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

105. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate for every hour he worked above forty (40) hours in a single work week during the time he worked for Defendants.

106. Defendants' failure to pay the required wages as set forth above was willful within the meaning of N.Y. Lab. Law §§ 198 and 663.

107. As a consequence of the Defendants' unlawful actions and omissions, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages mandated by NYLL, plus an additional equal amount as liquidated damages, in accordance with N.Y. Lab. Law §§ 198 and 663.

108. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

**SIXTH CAUSE OF ACTION**
(New York Labor Law – Spread of Hours)

109. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

110. Plaintiff regularly worked days in which the end of his work shift was more than ten (10) hours from the beginning of his work shift.

111. Defendants never paid Plaintiff an additional hour of pay at the minimum wage rate for every day in which the interval between the beginning and the end of Plaintiff's workday was more than ten (10) hours in violation of the NYLL. 12 N.Y.C.R.R. § 142-2.4.

112. As a consequence of the Defendants' unlawful actions and omissions, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid spread-of-hours pay as mandated by NYLL, plus an additional equal amount as liquidated damages, in accordance with N.Y. Lab. Law §§ 198 and 663.

113. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

**SEVENTH CAUSE OF ACTION**
(New York Labor Law – Wage Notice and Wage Statement Violations)

114. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

115. Defendants failed to provide Plaintiff, at the time of his hiring or thereafter, accurate wage notices in his primary language containing his rates of pay and other information as required by N.Y. Lab. Law § 195(1).

116. Defendants also failed to provide Plaintiff with accurate wage statements with every payment of wages which provided all the information required under N.Y. Lab. Law § 195(3).

117. For Defendants' violation of N.Y. Lab. Law § 195(1), Plaintiff is entitled to $50 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-b).

118. For Defendants' violation of N.Y. Lab. Law § 195(3), Plaintiff is entitled to $250 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to N.Y. Lab. Law § 198(1-d).

119. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## EIGHTH CAUSE OF ACTION
(New York Labor Law – Retaliation)

120. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

121. Defendants willfully retaliated against Plaintiff by demanding his Social Security documentation, failing to pay Plaintiff his lawfully required minimum and overtime pay, in response of his complaint about not being paid properly, in violation of N.Y. Lab. Law § 215.

122. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

123. Pursuant to NYLL § 215(1)(a), Plaintiff has served notice of this Complaint upon the Attorney General of the State of New York.

## DEMAND FOR JURY TRIAL

124. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be granted:

A. Awarding Plaintiff unpaid minimum wage, spread of hours and overtime wages due under the FLSA and the NYLL and its regulations;

B. Awarding Plaintiff damages for Defendants' failure to provide pay stubs as required by the NYLL;

C. Awarding Plaintiff damages for Defendants' failure to provide a notice upon hire as required by the NYLL;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff compensatory damages for his retaliatory termination;

F. Awarding Plaintiff punitive damages for his retaliatory termination;

G. Awarding Plaintiff prejudgment and post-judgment interest;

H. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

I. Awarding such other and further relief as this Court deems necessary and proper.

Dated: April 12, 2022
New York, New York

Respectfully submitted,

/s/ *Brian Nettle*

Brian 'Geno' Nettle, Attorney at Law
Nettle Law
114 Stanton Street, #5
New York, NY 10002
(646) 992-9213

*Attorney for Plaintiff*