

114 STANTON STREET #5 NEW YORK NY 10002
[**C**]+1.646.992.9213 | [**T**]+1.888.815.0203 | [**F**]+1.888.583.9968
**NETTLE-LAW.COM**

Brian 'Geno' Nettle
geno@nettle-law.com

Per ¶ 14 of my standard case management plan and scheduling order, the use of any alternative dispute resolution mechanism does not stay or modify any date in the plan, so the parties' request that formal pre-trial discovery be held in abeyance pending the outcome of the mediation, (Doc. 14-1 ¶ 7), is denied, without prejudice to renewal after the mediation.

SO ORDERED:

*[signature]* 06/24/22

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

June 23, 2022

<u>**VIA ECF**</u>

Hon. Vernon S. Broderick
40 Foley Square
United States Courthouse
New York, NY 10007

      Re:     **Hernandez v. Yours Wholesome Foods, Inc. et al.**
               **22-CV-3011 (VSB)**

Dear Hon. Broderick:

      I am an attorney with the office of Nettle Law, attorney for Plaintiff in the above-referenced matter. Pursuant to the Court's Order dated June 3, 2022, the attorneys for the parties have conferred and submit the following joint letter.

      **I.**     <u>**Nature of the action and principal defenses**</u>

          **A.**     **Plaintiff's Statement**

      Plaintiff alleges that he was employed as front counter worker and cook for Defendants' deli. Plaintiff bring this action alleging that he entitled to: (i) compensation for wages paid at less than the statutory minimum wage under the Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq.* ("FLSA") and under New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"); (ii) unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay as required under the FLSA and NYLL; (iii) unpaid wages for 'spread of hours' work as required under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 ("NYCRR"); (iv) damages for Defendants retaliation against Plaintiff for complaining about his unpaid wages under the FLSA and NYLL; (v) damages for Defendants violation of NYLL for failing to provide Plaintiff with wage notices and statements; (vi) liquidated damages pursuant to the FLSA and NYLL because Defendants' violations lacked a good faith basis, and (vii) reasonable attorney's fees and the costs

of this action pursuant to the FLSA and NYLL and pre-and post-judgment interest under the NYLL.

### B.     Defendants' Statement

Defendants deny that Plaintiff worked 70 or more hours per week and dispute the damage calculations that are set forth in the complaint. Defendants deny that Defendants retaliated against Plaintiff and that Plaintiff suffered emotional distress. Defendants deny they discharged, or sought to discharge, Plaintiff after the commencement of this action.

## II.     Jurisdiction and venue

Plaintiff asserts that this Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. § 216 and 28 U.S.C. § 1331. Plaintiff also asserts that this Court has supplemental jurisdiction, if exercised, over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Defendant Yours Wholesome Foods, Inc. (the "Corporation") is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 159 Essex Street, Manhattan, NY 10002. Plaintiff asserts that venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the alleged events or omissions giving rise to the claims are alleged to have occurred in the State of New York within this district.

Defendant Narayanbhai Patel is a resident of the State of New York.

Defendant Ramanlal Patel is a resident of the State of New York.

Defendant Ronak Patel is a resident of the State of New York.

Narayanbhai Patel and Ramanlal Patel are the shareholders of the Corporation.

## III.    Contemplated or outstanding motions

Both parties reserve the right to move for summary judgment after discovery is closed.

## IV.    Discovery

The parties have not exchanged discovery to date. The parties intend to exchange Rule 26 disclosures, document demands, interrogatories, and requests to admit. The parties will also conduct depositions.

Plaintiff will be seeking discovery, not limited to: timekeeping and pay records, corporation documents, sales records including cash and credit card receipts, corporation tax records and tax records for individual shareholder Defendants. Plaintiff will also seek depositions of Defendants Narayanbhai Patel and Ronak Patel.

Defendants will be seeking a deposition of the plaintiff and documents in his possession that describe Plaintiff's duties and responsibilities, his existing records of wages paid to and hours worked by the Plaintiff, and a spreadsheet of alleged underpayments and other damages.

## V.  Settlement Discussions

In February 2022, Plaintiff sent an initial demand and damages calculations to Defendants' general counsel Nehal Trivedi, Esq. In the same month, the parties engaged in settlement discussions and no agreement was reached. No further settlement discussions have occurred.

However, pursuant to the Court's Order dated June 6, 2022 (Doc. No. 10), this case was referred to mediation. Daniel Engelstein, Esq. has been appointed mediator. The parties anticipate that the mediation will take place in late July 2022. The attorneys in this case have participated in court-ordered mediations in similar FLSA cases and believe that a settlement can be reached with the assistance of the mediator.

## VI.  Length of trial

The parties anticipate a trial of three to five days in length.

## VII.  Other information

Since this case will be mediated, the parties request that formal pre-trial discovery be held in abeyance pending the outcome of the mediation, especially since the parties are required to informally exchange documents prior to the mediation. If the case is not resolved at mediation, the parties will promptly begin pre-trial discovery in accordance with the Case Management Plan submitted herewith.

Except as set forth above, the parties have no additional information that might be pertinent.

Respectfully submitted,

*/s Brian Nettle*
Brian Nettle, Esq.
*Attorney for Plaintiff*


*/s Ira Levine*
IRA LEVINE, ESQ.
*Attorney for Defendants*

cc:   All counsel of record (via ECF)